IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


VICTOR D. MATHIS,                        §
                                         §
        Petitioner,                      §
                                         §
v.                                       §                2:03-CV-0281
                                         §
DOUGLAS DRETKE, Director,                §
Texas Department of Criminal             §
Justice, Institutional Division,         §
                                         §
        Respondent.[1]                   §


**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

On August 10, 2003[2], petitioner VICTOR D. MATHIS filed a Petition for a Writ of Habeas

Corpus by a Person in State Custody.[3]  By his habeas application, petitioner challenges two

disciplinary actions which occurred at the Polunsky Unit in Polk County, Texas.  According to

petitioner, he was found guilty, on August 27, 2002, in prison disciplinary action # 2002322489,

and the punishment imposed consisted of 30 days loss of privileges, a reduction in line class status

from a "Trusty III" to Line Class I, and the loss of 30 days of good time credits.  Petitioner was

found guilty, on September 30, 2002, in prison disciplinary action # 20030019069, and the

_____

[1]The previously named respondent in this action was Janie Cockrell who has since been succeeded by Douglas Dretke
as Director of the Texas Department of Criminal Justice, Institutional Division.  Under Federal Rule of Civil Procedure 25(d)(1),
Douglas Dretke "is automatically substituted as a party."

[2]*See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when
the inmate delivers the papers to prison authorities for mailing).

[3]Petitioner originally filed his habeas application with the Dallas Division of the Northern District of Texas but such
was subsequently transferred to this Court.

punishment imposed consisted of 45 days loss of privileges, and a reduction in line class status

from a Line Class II to Line Class I.

Punishment other than the loss of good time credit merely constitutes a change in the

conditions of petitioner's confinement and does not implicate the Due Process Clause of the United

States Constitution.  *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995);

*Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).   Further, in order to challenge a prison

disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner

must, at a minimum, be eligible for mandatory supervised release and have received a

punishment sanction which included forfeiture of previously accrued good time credits.  *See*

*Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  In his habeas application,  petitioner has

not advised why he is in respondent's custody, however, petitioner avers that he is eligible for

mandatory supervised release.  However, in disciplinary case # 20030019069, on petitioner's

recitation of all the punishment imposed, it appears petitioner did not lose any previously

accrued good time credits.  Consequently, petitioner is not entitled to federal habeas corpus relief

for such disciplinary case.[4]    As for the remaining disciplinary case, #2002322489, for the

reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge

that petitioner's petition for a writ of habeas corpus should be DISMISSED.

---

[4]The undersigned notes that petitioner has not averred he filed any appeal by way of grievance with respect to disciplinary case #20030019069.  The only Step 1 and Step 2 grievances referred to occurred in September before the finding of guilt on September 30, 2002 in such case. Therefore even if he had lost good time credits, petitioner failed to exhaust with respect to disciplinary case # 20030019069 and such should be dismissed.

I.

<u>EXHAUSTION OF STATE COURT REMEDIES</u>

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[5]

Petitioner appears to assert he filed a Step 1 grievance which was denied and returned September 18, 2002.[6] Petitioner argues he attempted to file a Step 2 grievance, however, such was returned to petitioner unprocessed because petitioner failed to attach a copy of the result of the Step 1 grievance. It thus appears to the Court that petitioner's claims were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting his claims to state authorities.

---

[5]At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988). Petitioner appears to allege he filed a state habeas application referring to such as W 92-04263. A review of the docket for the Texas Court of Criminal Appeals shows petitioner has filed three (3) state habeas applications, WR 31,492-01, -02, and -03 which were decided on July 9, 1996, September 1, 1999, and July 31, 2003 respectively. Such do not appear to relate to the instant disciplinary cases.

[6]As stated *supra*, by virtue of the dates at issue, the undersigned construes this grievance to relate to disciplinary action #2002322489.

For this reason, his petition for a writ of habeas corpus should be dismissed.

## II.
### RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner VICTOR D. MATHIS be DISMISSED.

## III.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>16th</u> day of September 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the

Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).